247 F.2d 86
 NATIONAL COAL ASSOCIATION, United Mine Workers of America, Fuels Research Council, Inc., Petitioners,
v.
FEDERAL POWER COMMISSION Respondent,
Northern Natural Gas Company, Intervenor.
 No. 13582.
 United States Court of Appeals District of Columbia Circuit.
 Argued May 31, 1957.
 Decided June 20, 1957.
 
 Mr. Arnold Levy, Washington, D. C., with whom Messrs. Tom J. McGrath, Jerome J. McGrath, Jerome H. Simonds, R. E. L. Hall and Welly K. Hopkins, Washington, D. C., were on the brief, for petitioners.
 Mr. Robert M. Weston, Atty., Federal Power Commission, with whom Messrs. Willard W. Gatchell, Gen. Counsel, Federal Power Commission, and Howard E. Wahrenbrock, Asst. Gen. Counsel, Federal Power Commission, were on the brief, for respondents.
 Mr. Charles A. Case, Jr., Washington, D. C., of the bar of the Supreme Court of Kansas, pro hac vice, by special leave of Court, with whom Mr. Justin R. Wolf, Washington, D. C., was on the brief, for intervenor. Mr. Eugene E. Threadgill, Washington, D. C., also entered an appearance for intervenor.
 Before PRETTYMAN, WILBUR K. MILLER and BURGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The petitioning coal interests ask us to set aside an order of the Federal Power Commission which will enable Northern States Power Company to purchase natural gas on an interruptible basis for use as a boiler fuel at its Black Dog Lake electric generating plant in Minnesota. The order in question granted to Northern Natural Gas Company a certificate of convenience and necessity authorizing the extension of its facilities over the short distance between its pipeline and the Black Dog station.
 
 
 2
 The petitioners complain that Northern Natural failed to make on the record of the proceedings the necessary showing that such gas service is required in the public interest, or that the price proposed for the sale would return its properly allocable costs. They also say they were unlawfully deprived of a fair hearing because the Commission relied on matters covered in independent proceedings relative to jurisdictional sales, in which proceedings the petitioners were not eligible to participate.
 
 
 3
 Evidence in the record supports the Commission's findings that Northern Natural has an adequate supply of gas from which to make the newly authorized deliveries; that the sales thereof will lower Northern Natural's unit costs by improving its load factor, and will reduce the fuel costs of Northern States to the ultimate benefit of its retail customers. The record also supports the Commission's finding that Northern Natural will derive a net profit from the Black Dog sales after the deduction of the incremental cost of service specifically attributable thereto. The fact that the proposed price to Northern States will exceed Northern Natural's established commodity charge was a sufficient check on the direct evidence upon which the finding was based. An allocation of system-wide costs was unnecessary in the circumstances.
 
 
 4
 Since the order under review was based on findings sustained by evidence, and since we perceive no procedural error prejudicial to the petitioners, we are not authorized to interfere with the Commission's evaluation of the public interest, the making of which is committed to its judgment.
 
 
 5
 Affirmed.